UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CORENA,<br><br>        Plaintiff,<br><br>   v.<br><br>KIM HOLLAND, et al.,<br><br>        Defendants. | 1:16-cv-01025-EPG (PC)<br><br><u>ORDER FINDING COGNIZABLE CLAIMS</u><br><br>ORDER FOR PLAINTIFF TO EITHER:<br><br>(1)   NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE CLAIM FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANTS RODRIGUEZ, CERVEZA, AND DOE, AND THE CLAIM FOR RETALIATION IN VIOLATION OF THE FIRST AMENDMENT AGAINST DEFENDANTS RODRIGUEZ AND DOE;<br><br>(2)   FILE A FIRST AMENDED COMPLAINT;<br><br>OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

**I.     BACKGROUND**

Jorge Corena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint on July 15, 2016, which is before this Court for screening. (ECF No. 1).  Plaintiff alleges that he was assaulted by Defendants Rodriguez, Cerveza, and Doe.  He also brings claims against their supervisors as well as certain medical professionals.

On August 26, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action

pursuant to 28 U.S.C. § 636(c) (ECF No. 6), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

For the reasons described below, this Court finds that Plaintiff's complaint states a claim against Defendants Rodriguez, Cerveza, and Doe for excessive force in violation of the Eighth Amendment, and a claim against Defendants Rodriguez and Doe for retaliation in violation of the First Amendment.  The Court finds that Plaintiff's complaint fails to state any other claims against these three defendants and fails to state a claim against the other defendants.  The Court provides the applicable law below.  Plaintiff can now choose between going forward immediately on his claims against Defendants Rodriguez, Cerveza, and Doe, filing an amended complaint, which the Court will screen in due course, or standing on this complaint, subject to dismissal of claims and defendants consistent with this order.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart

Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.   SUMMARY OF PLAINTIFF'S COMPLAINT

On July 9, 2014, Plaintiff was incarcerated at California Correctional Institute ("CCI"), which is located in Tehachapi. That day, Defendant Rodriguez told Plaintiff to get ready for church, where Plaintiff worked as chaplain's assistant. Defendant Rodriguez then told Plaintiff: "'you think you're slick motherfucker; I got you.'" Plaintiff then exited his cell, went downstairs, and entered the sally port. In the sally port, Plaintiff saw that Defendant Cerveza had taken off his green correctional officer shirt. When Plaintiff attempted to exit the sally port, his exit was blocked by Defendant Rodriguez and Defendant Doe.

Defendant Cerveza told Plaintiff to turn around and cuff up. Plaintiff complied. Once Plaintiff was in handcuffs, Defendant Cerveza assaulted Plaintiff by striking Plaintiff on his face. Defendant Rodriguez joined in, hitting Plaintiff on his back. Defendant Rodriguez then pulled out his baton and started jabbing Plaintiff in the back while Defendant Doe struck him on his face and torso. Either Defendant Rodriguez or Defendant Doe then dragged Plaintiff to the floor. Once Plaintiff was on the floor, Defendants Rodriguez, Cerveza, and Doe began kicking him, punching him and stomping on him.

On July 9, 2014, Plaintiff reported the incident to Defendant Fiddler, the direct supervisor of the correctional officers who beat Plaintiff. Defendant Fiddler told Plaintiff he would take care of it and asked if Plaintiff had told medical about the beating.

On July 10, 2014, Plaintiff went to medical to report the severe back pain he suffered as a result of the beating. The medical staff gave Plaintiff a shot to relieve the pain and prescribed Tylenol with codeine.

On July 17, 2014, Defendant Rodriguez went into Plaintiff's cell while Defendant Doe held the door and acted as Defendant Rodriguez's lookout. Defendant Rodriguez again beat

3

Plaintiff with his fists, kicked him, and told him "'if you keep on snitching it will keep happening to you.'"

When Plaintiff went to medical following this assault, the medical staff told Plaintiff to just take his pills.

Plaintiff then returned to his building. After Plaintiff entered the building and began walking up the stairs to his cell, Plaintiff was pulled from behind. Plaintiff next remembers waking up on the floor face down. Plaintiff could not move his legs. Defendant Rodriguez and Defendant Doe debated who would hit the alarm, because the correctional officer who hits the alarm is required to write the incident report.

Plaintiff was placed on a gurney and taken to medical. At medical, Defendant Smith asked what happened, but Plaintiff could not respond because the officers who beat him and threatened him were present. Although it was clear that Plaintiff had just suffered a beating, Defendant Smith told Plaintiff "'to take it like a man walk back to the block.'" Plaintiff could not feel or move his legs. Plaintiff remained silent for fear of retaliation.

The medical staff then examined Plaintiff's legs. Plaintiff informed the medical staff that he could not feel his legs. Medical staff then waited 2 hours, debating whether to transport Plaintiff to a hospital in Bakersfield by Air-Vac or simply call a local ambulance. After 2 hours, Plaintiff was taken by ambulance to Desert Valley Hospital in Tehachapi where the staff did x-rays and physical tests. Plaintiff was then transported to Mercy Hospital.

At Mercy Hospital, medical staff inserted a catheter, but Plaintiff could not feel it. Mercy Hospital medical staff did more x-rays and an MRI. Plaintiff was then taken to a holding cell and admitted to the hospital. At the hospital, three doctors examined Plaintiff and approved him for surgery the next day. Plaintiff suffered "'essentially complete paralysis of his bilateral lower extremities . . . with complete loss of both motor and sensory function.'"

After surgery, Plaintiff was returned to CCI. Within 24 hours, Plaintiff was sent to a California Department of Corrections and Rehabilitation ("CDCR") treatment facility at Pleasant Valley State Prison, where he stayed for 90 days while recovering from surgery.

When Plaintiff arrived back at CCI, on September 19, 2014, he could barely move and

was confined to a wheel chair. When he arrived, the transportation officers yanked him from the squad car, causing him to fall to the ground. The correctional officers then kicked him on his back and head.

Plaintiff was again examined by medical staff at CCI, who sent him back to Mercy Hospital in Bakersfield. Two days later, on September 21, 2014, Plaintiff was returned to CCI, where he was housed in a medical cell.

On December 8, 2014, Plaintiff was transported to California Substance Abuse Treatment Facility ("SATF").

When Plaintiff was discharged from Mercy Hospital after his surgery, the CDCR was provided with discharge instructions for his after-surgery care. According to those discharge instructions, Plaintiff was to be provided with Norco for pain management. The discharge instructions specifically stated that Plaintiff was not to be given any NSAIDs. However, since arriving at SATF, CDCR medical staff, including Defendants Kokor and Ugawuze, have refused to provide Plaintiff with the medication specified by Mercy Hospital. Instead, they have prescribed only NSAIDs. As a result, Plaintiff's condition has worsened and he has suffered pain, as well as extreme and persistent emotional distress caused by the lack of proper pain management. Additionally Plaintiff's internal organs have been damaged and he has suffered sleep deprivation.[1]

Plaintiff's complaint also includes a preface about CCI generally, alleging that it tolerates, if not encourages, organized gang activity among its correctional officers. That gang is called the Green Wall and routinely engages in the organized use of unreasonable, unnecessary and excessive force against inmates in violation of inmates' constitutional rights. The active presence of the Green Wall is well known to CDCR staff, officers, wardens and supervisors, including Defendant Holland, Warden at CCI. There have been multiple civil rights lawsuits against CCI staff, as well as an active investigation by the United States

---

[1] Plaintiff also describes his administrative appeals process, including that CCI staff repeatedly "misplaced" his appeals. This order does not examine the potential of an affirmative defense of failure to exhaust administrative remedies, and so does not summarize those facts in depth.

Department of Justice on this issue.

## IV. EVALUATION OF PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST SUPERVISORS OF THE ASSAULTING OFFICERS

Plaintiff's first and second causes of action claim that various supervisors of the correctional officers, including Defendants Holland, Fiddler, Smith and Jones, violated Plaintiff's Eight Amendment rights because they were responsible for supervising, disciplining and providing training for all correctional officers and staff at CCI and were allegedly aware of the so-called "Green Wall" gang of correctional officers.

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983... 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff

must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

With this law in mind, Plaintiff's complaint fails to state a claim against Defendants Holland, Fiddler, Smith, and Jones. Although Plaintiff's complaint alleges the words in the legal standards regarding their personal knowledge of organized gang activity that directly contributed to this assault, it lacks specific facts that would demonstrate such knowledge. Although Plaintiff informed certain of these defendants of these attacks after the fact, there is no evidence that these defendants knew of any of the attacks in advance and deliberately failed to take action to prevent them. Additionally, based on the facts alleged, these defendants did not personally participate in the constitutional violation. Finally, Plaintiff has not alleged any facts that show that these defendants have promulgated or implemented a policy of allowing correctional officers to use excessive force on inmates. The fact that other unnamed lawsuits and investigations are taking place is insufficient without underlying facts that indicate that these defendants knew of the violations and failed to act, or that these defendants promulgated or implemented a policy of allowing correctional officers to use excessive force on inmates. Moreover, merely being a supervisor to the correctional officers who allegedly used excessive force on Plaintiff is insufficient to state such a claim.

\\\

\\\

## V. EVALUATION OF PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS RODRIGUEZ, CERVEZA AND DOE

Plaintiff's third cause of action asserts an Eighth Amendment claim against Defendants Rodriguez, Cerveza, and Doe.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff's complaint alleges a cause of action for violation of the Eighth Amendment against Defendants Rodriguez, Cerveza and Doe for use of excessive force.

## VI. EVALUATION OF PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS KOKOR AND UGAMUEZE

Plaintiff's fourth cause of action alleges a violation of the Eighth Amendment against Defendants Kokor and Ugamueze based on their failure to provide the medication prescribed by Mercy Medical Center.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a

prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  To establish a difference of opinion rising to the level of deliberate indifference, "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

This Court finds that Plaintiff's complaint fails to state a claim against Defendants Kokor and Ugamueze for deliberate indifference to serious medical needs.  Plaintiff alleges that Mercy Medical Center prescribed certain pain medication at some point in time, but that Defendants Kokor and Ugamueze did not prescribe that same medication when they took over

Plaintiff's medical care. This alone does not demonstrate deliberate indifference to serious medical needs because Defendants Kokor and Ugamueze could very well have a difference of opinion from Mercy Medical personnel regarding the proper pain medication. Moreover, Plaintiff's medical situation was changing and it is possible that the pain medication appropriate upon release from Mercy Medical was not the same by the time Plaintiff came under the care of Defendants Kokor and Ugamueze.

Plaintiff will be given leave to amend to add facts, if any, regarding Defendants Kokor and Ugamueze's deliberate indifference, such as something Defendants Kokor and Ugamueze said or wrote that suggests that they withheld the specific pain medication prescribed by Mercy Medical personnel because they were indifferent to Plaintiff's pain, rather than because they had a different medical opinion at the time they provided care to Plaintiff.

## VII. ANALYSIS OF PLAINTIFF'S FIRST AMENDMENT CLAIM FOR RETALIATION AGAINST DEFENDANTS RODRIGUEZ AND DOE

Prisoners have a First Amendment right to be free from retaliation for filing grievances against prison officials. Waitson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). A retaliation claim has five elements. Waitson, 668 F.3d at 1114. First, the plaintiff must show that the underlying conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech and to petition the government, Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. Rhodes, at 567. Third, the plaintiff must show a causal connection between the adverse action and the protected conduct. Waitson, 668 F.3d at 1114. Fourth, the plaintiff must show that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568. Fifth, the plaintiff must show "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution…." Rizzo, 778 F.2d at 532

While Plaintiff's complaint does not specifically mention a cause of action for retaliation, the facts alleged are enough to state a cognizable retaliation claim against Defendant Rodriguez and Defendant Doe. According to Plaintiff, after he reported to Defendant Fiddler that Defendants Rodriguez, Cerveza, and Doe assaulted him, Defendants Rodriguez and Doe came to his cell. Defendant Doe kept watch, while Defendant Rodriguez beat Plaintiff and told him "'if you keep on snitching it will keep happening to you.'" Accordingly, Plaintiff has stated a claim for retaliation in violation of the first amendment against Defendants Rodriguez and Doe.

### VIII. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it states cognizable claims for excessive force in violation of the Eighth Amendment as to Defendants Rodriguez, Cerveza and Doe, and for retaliation in violation of the First Amendment against Defendants Rodriguez and Doe. However, the complaint states no other cognizable claims against any of the other defendants.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete

in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state any additional claims or claims against any additional defendants;
   b. Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the claims allowed in this order, a claim for excessive force in violation of the Eighth Amendment as to Defendants Rodriguez, Cerveza, and Doe, and a claim for retaliation in violation of the First Amendment against Defendants Rodriguez and Doe; or
   c. Notify the Court in writing that he does not agree to go forward on only the claims found cognizable by this order or file an amended complaint, in which case the Court will dismiss the claims and defendants as stated in this order.
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01025-EPG; and

\\\
\\\
\\\
\\\

4. <u>Failure to comply with this order may result in the dismissal of this action for failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated: __**December 20, 2016**__              /s/ *Erica P. Grosjean*
                                            UNITED STATES MAGISTRATE JUDGE