UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CORENA,<br><br>    Plaintiff,<br><br>    v.<br><br>KIM HOLLAND, et al.,<br><br>    Defendants. | 1:16-cv-01025-EPG (PC)<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 8)<br><br>THIRTY DAY DEADLINE |

**I.   BACKGROUND**

Jorge Corena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on July 15, 2016. (ECF No. 1). Among other things, Plaintiff alleged that he was assaulted by Defendants Rodriguez, Cerveza, and Doe.

The Court screened Plaintiff's complaint and found that it stated a claim for excessive force in violation of the Eighth Amendment against Defendants Rodriguez, Cerveza, and Doe, and a claim for retaliation in violation of the First Amendment against Defendants Rodriguez and Doe. (ECF No. 7). The Court allowed Plaintiff to choose between going forward with the claims the Court found cognizable, filing a First Amended Complaint, or standing on the complaint subject to dismissal of claims and defendants as laid out in the order. (Id.).

On January 23, 2017, Plaintiff filed a First Amended Complaint. (ECF No. 8). The First Amended Complaint purported to be a class action. It did not include detailed factual allegations. Instead, it attached the Court's screening order and made arguments based on that order, such as "The United States Magistrate Judge acknowledged in its ordered . . . 'causal-connection' . . . ." Plaintiff also claimed that the California Department of Corrections and Rehabilitation needs to develop a policy against civil rights violations.

\\\

## II. DISMISSAL OF FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

Plaintiff's First Amended Complaint is not a proper complaint. Rather than alleging facts and legal claims, Plaintiff has attached the Court's order and made arguments based on that order. As the Court explained before "Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220." (ECF No. 7, pgs. 11-12). A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Thus, if Plaintiff chooses to file an amended complaint rather than going forward on the claims allowed in Plaintiff's first complaint, Plaintiff needs to submit a complete amended complaint with all factual allegations included in that complaint, without reference to the earlier complaint or the Court's order. It must be complete in itself. The Court will screen that amended complaint in its entirety.

It is also worth noting that the Court's screening order only concluded that Plaintiff had asserted factual allegations that set forth certain claims. It did not make any ruling on whether those facts were true. The legal ruling was only that Plaintiff would be entitled to go forward in a lawsuit against Defendants Rodriguez, Cerveza, and Doe for a violation of the Eighth Amendment and against Defendants Rodriguez and Doe for a violation of the First Amendment. If Plaintiff decides to go forward on those claims, the Court will authorize service on those defendants and then proceed with the case.

Additionally, Plaintiff is not entitled to file a class action lawsuit, or assert claims on behalf of anyone except himself, because he is appearing *pro se*. Simon v. Hartford Life, Inc.,

546 F.3d 661, 664–65 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity") (citing cases); <u>Russell v. United States</u>, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). To the extent Plaintiff asserts his claims as a class action, they will be dismissed. Plaintiff may only represent himself *pro se* (without a lawyer), not others.

### III.  CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim under the standard set out by Rule 8 of the Federal Rule of Civil Procedure and improperly attempts to assert claims on behalf of others. For these reasons, it will be dismissed.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so. He can also stand on his original complaint and go forward on the claims already found cognizable by this Court.

Plaintiff is advised that an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and that it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    a. File a Second Amended Complaint, which is complete in itself, and provides a short a plain statement of the claims and supporting facts; or

    b. Notify the Court in writing that he is willing to proceed with his original complaint, dated July 15, 2016 (ECF No. 1), but only on the claims allowed in the Court's order dated December 20, 2016 (a claim for excessive force in violation of the Eighth Amendment against Defendants Rodriguez, Cerveza, and Doe, and a claim for retaliation in violation of the First Amendment against Defendants Rodriguez and Doe).

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:16-cv-01025-EPG; and

4. <u>Failure to comply with this order may result in the dismissal of this action for failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated:   **February 2, 2017**             /s/ Erica P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE