UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CORENA, | 1:16-cv-01025-EPG (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S |
| v. | REQUEST FOR AN EXTENSION OF TIME AND DENYING PLAINTIFF'S REQUEST |
| KIM HOLLAND, et al., | FOR AN INJUNCTION |
| Defendants. | (ECF NO. 10) |

## I.    BACKGROUND

Jorge Corena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint on July 15, 2016.  (ECF No. 1).  Among other things, Plaintiff alleged that he was assaulted by Defendants Rodriguez, Cerveza, and Doe.

On December 20, 2016, the Court screened Plaintiff's complaint and found that it stated a claim for excessive force in violation of the Eighth Amendment against Defendants Rodriguez, Cerveza, and Doe, and a claim for retaliation in violation of the First Amendment against Defendants Rodriguez and Doe. (ECF No. 7). The Court allowed Plaintiff to choose between going forward with the claims the Court found cognizable, filing a First Amended Complaint, or standing on the complaint subject to dismissal of claims and defendants as laid out in the order.  (Id.).   On January 23, 2017, Plaintiff filed a First Amended Complaint.  (ECF No. 8).  The Court dismissed the First Amended Complaint, and ordered Plaintiff to file a Second Amended Complaint or notify the Court that he wishes to proceed on the claims the

Court found cognizable in the December 20, 2016 screening order.  (ECF No. 9).

On March 3, 2017, Plaintiff file a motion which requests an extension of time to respond to the Court's second screening order and an injunction ("the Motion").  The Motion is now before the Court.

According to Plaintiff, he needs additional time to respond to the Court's screening order because he never graduated high school (he only has his GED), English is his second language, he is having problems with depression and PTSD, he does not understand how to use the computers at the library, and while he reads the law books at the library he does not understand them.  The Court finds good cause to grant Plaintiff a 30 day extension of time to respond to the second screening order.

As to the injunction request, Plaintiff alleges that he is not receiving adequate medical treatment, states that every time he reports an issue he gets assaulted, and requests an injunction.  It is unclear the exact nature of the injunction Plaintiff is requesting, but it appears that Plaintiff wants the Court to order that Plaintiff receive medication that hospital personnel said that Plaintiff should receive.[1]

Plaintiff's request for an injunction will be denied.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  "A preliminary injunction is an extraordinary remedy never awarded as a matter of right.  In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  Id. at 24 (citations and quotations omitted).  An injunction may only be awarded upon a clear

---

[1]  Plaintiff also states that if the Court "gran[ts] [Plaintiff] permission for this order [Plaintiff] ask[s] not to be transferd [sic]…."  The Court is not granting Plaintiff's request for an injunction.  Accordingly, this request will be denied as well.

showing that the plaintiff is entitled to such relief.  Id. at 22.

Additionally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

Legally, Plaintiff's request is premature.  There is no operative complaint in this case, and no defendants have been served.  Therefore, the Court lacks jurisdiction to order an emergency injunction.  While the Court did find valid claims in Plaintiff's initial complaint, Plaintiff chose to file a First Amended Complaint instead of proceeding on the claims found cognizable by the Court, and the First Amended Complaint has been dismissed.

Additionally, the claims that the Court found cognizable related only to excessive force and retaliation.  (ECF No. 7, p. 12).  In fact, the Court specifically found that Plaintiff failed to state a claim for deliberate indifference to serious medical needs when Plaintiff alleged that certain prison doctors were not prescribing the medication that hospital personnel prescribed.  (Id. at pgs. 8-10).  It appears that the injunction request is directed at this exact issue.  Accordingly, at this time the Court cannot find that Plaintiff is likely to succeed on the merits.

Therefore, Plaintiff's request for an injunction will be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time is GRANTED.  Plaintiff has 30 days from the date of service of this order to comply with the Court's screening order that was signed on February 2, 2017; and

2. Plaintiff's request for an injunction is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **March 7, 2017**               /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE