| | |
|---|---|
| JORGE CORENA,<br><br>        Plaintiff,<br><br>v.<br><br>KIM HOLLAND, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01025-EPG (PC)<br><br><u>AMENDED SCREENING ORDER</u><br><br>ORDER FINDING COGNIZABLE CLAIMS AGAINST DEFENDANTS RODRIGUEZ, CERVEZA, AND DOE FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT, AGAINST DEFENDANT DOE FOR FAILURE TO PROTECT IN VIOLATION OF THE EIGHTH AMENDMENT, AND AGAINST DEFENDANTS RODRIGUEZ AND DOE FOR RETALIATION IN VIOLATION OF THE FIRST AMENDMENT, AND DISMISSING ALL OTHER CLAIMS AND DEFENDANTS<br><br>(ECF NO. 14) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I.    BACKGROUND**

Jorge Corena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on July 15, 2016. (ECF No. 1). Among other things, Plaintiff alleged that he was assaulted by Defendants Rodriguez, Cerveza, and Doe.

On August 26, 2016, Plaintiff consented to magistrate judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 6), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a district judge is required. Local Rule Appendix A(k)(3)

The Court screened Plaintiff's complaint and found that it stated a claim for excessive force in violation of the Eighth Amendment against Defendants Rodriguez, Cerveza, and Doe, and a claim for retaliation in violation of the First Amendment against Defendants Rodriguez

1

and Doe. (ECF No. 7). The Court allowed Plaintiff to choose between going forward with the claims the Court found cognizable, filing a First Amended Complaint, or standing on the complaint subject to dismissal of claims and defendants as laid out in the order. (Id.).

On January 23, 2017, Plaintiff filed a First Amended Complaint. (ECF No. 8). The First Amended Complaint purported to be a class action. It did not include detailed factual allegations. Instead, it attached the Court's screening order and made arguments based on that order, such as "[t]he United States Magistrate Judge acknowledged [] in its ordered . . . 'causal-connection….'" Plaintiff also claimed that the California Department of Corrections and Rehabilitation needs to develop a policy against civil rights violations.

As Plaintiff was attempting to file a class action, and as the First Amended Complaint did not include detailed factual allegations, the Court dismissed Plaintiff's First Amended Complaint with leave to amend. (ECF No. 9).

On June 19, 2017, Plaintiff filed his Second Amended Complaint. (ECF No. 14).

On September 22, 2017, the Court issued a screening order, finding cognizable claims for excessive force in violation of the Eighth Amendment against defendants Rodriguez, Cerveza, and Doe, and for retaliation in violation of the First Amendment against defendants Rodriguez and Doe. (ECF No. 15). The Court also dismissed all other claims and defendants.

Because it was unclear what excessive force claims were allowed, and because there was an error in not allowing a failure to protect claim against defendant Doe, the Court issues this amended screening order. The deadline for Plaintiff to complete and return the service documents is unchanged.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may

also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III. SUMMARY OF PLAINTIFF'S COMPLAINT

The material factual allegations in the Second Amended Complaint are largely identical to the factual allegations on Plaintiff's original complaint. A summary of the factual allegations in the original complaint are in the Court's prior screening order. (ECF No. 7, pgs. 3-6).

There are, however, differences. The Second Amended Complaint does not mention the "gang" known as the Green Wall, does not list supervisory personnel as defendants, and does not list Ugamueze as a defendant (the defendants listed in the second amended complaint are Rodriguez, Cerveza, Doe, Dr. Kokor, and Dr. El-Said).

Additionally, Plaintiff added an explicit retaliation claim against defendants Rodriguez,

Cerveza, and Doe, and added a claim for deliberate indifference to serious medical needs against a new defendant, defendant El-Said.

Plaintiff also attached medical records.

### IV. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of

causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

**V.  ANALYSIS**

As it did in its prior screening order, the Court finds that Plaintiff states a cognizable Eighth Amendment excessive force claim against defendants Rodriguez, Cerveza, and Doe (see ECF No. 7, p. 8), and a cognizable First Amendment retaliation claim against defendants Rodriguez and Doe (see id. at 11). Additionally, for the reasons discussed in its prior screening order, the Court finds that Plaintiff once again failed to state a cognizable claim against defendant Kokor. (See id. at 9-10).

As to the excessive force claim against defendants Rodriguez, Cerveza, and Doe, the Court is issuing this amended screening order to clarify that there are actually two alleged excessive force incidents. The first alleged incident, which occurred on July 9, 2014, states a cognizable excessive force claim against defendants Rodriguez, Cerveza, and Doe.

As to the second alleged incident, which took place on July 15, 2014, the Court finds that the Second Amended Complaint only states a cognizable excessive force claim against defendant Rodriguez. According to Plaintiff, defendant Doe held the door and acted as a lookout while defendant Rodriguez assaulted Plaintiff. Defendant Doe himself did not use any force on Plaintiff, or directly participate in the use of force. Accordingly, Plaintiff fails to state an excessive force claim against defendant Doe as to the second incident.

However, as to the second incident, the Court finds that Plaintiff does state a cognizable claim against defendant Doe for failure to protect in violation of the Eighth Amendment. Prison officials have a duty under the Eighth Amendment to take reasonable steps to protect

inmates from physical abuse. Farmer, 511 U.S. at 832–33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. This showing involves subjective and objective components: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Id. at 837. "The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health....'" Id. at 843 (quoting Helling v. McKinney, 509 U.S. 25, 35 (1993)). Plaintiff has sufficiently alleged facts suggesting that defendant Doe subjectively knew that there was a serious threat to Plaintiff's safety, but did nothing to protect Plaintiff from that threat.

As to Plaintiff's new retaliation claim against defendant Cerveza, the Court finds that Plaintiff has failed to state a cognizable claim. There are five basic elements to a First Amendment retaliation claim: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.2005). While an adverse action was allegedly taken (defendant Cerveza allegedly attacked Plaintiff), there is no allegation in the Second Amended Complaint that defendant Cerveza attacked Plaintiff because Plaintiff engaged in protected conduct. In fact, outside of that first attack, there is no allegation that defendant Cerveza did or said anything to Plaintiff.[1] While Plaintiff may have had reason to be fearful of defendant Cerveza, that alone is not enough to state a cognizable retaliation claim.

As to Plaintiff's new deliberate indifference claim against defendant El-Said, the Court finds that Plaintiff has failed to state a cognizable claim. "[T]o maintain an Eighth Amendment

---

[1] Plaintiff does state that "[d]ue to defendant[] Cerveza['s] aggressive behavior he… istructed [sic] for plaintiff to go back to his building." (ECF No. 14, pgs. 6-7). However, there is no indication what this aggressive behavior was (so the Court cannot determine whether it was, or could be considered, an "adverse action"), and there is also no indication that the aggressive behavior had any relation to Plaintiff's exercise of protected conduct.

6

claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

Plaintiff's claim against defendant El-Said seems to be based on the following facts: Plaintiff's cell was on the second floor; Plaintiff was given crutches; and on July 17, 2014, Plaintiff started walking up the stairs to his cell, and then remembers waking up on the floor face down.[2] These allegations are not enough to state a cognizable claim against defendant El-Said. First, it is not clear if it was defendant El-Said who ordered that Plaintiff be given crutches. Second, even if it was defendant El-Said who ordered that Plaintiff be given crutches, there are no factual allegations that suggest that defendant El-Said subjectively knew that

---

[2] Plaintiff does allege that he was not receiving proper medication for his pain (ECF No. 14, p. 13), but that allegation does not appear to have any relation to defendant El-Said. Even if it does, Plaintiff failed to allege any facts that would even suggest that defendant El-Said subjectively knew that Plaintiff needed stronger pain medication, but refused to prescribe that medication to Plaintiff.

Plaintiff was housed on the second floor. Finally, even if defendant El-Said knew that Plaintiff was housed on the second floor and ordered that Plaintiff be given crutches, there are no factual allegations suggesting that housing Plaintiff on the second floor put Plaintiff at an excessive risk of harm to his health. Accordingly, Plaintiff has failed to state a claim against defendant El-Said.[3]

## VI. CONCLUSION AND ORDER

The Court has screened Plaintiff's Second Amended Complaint and finds that it states cognizable claims for excessive force in violation of the Eighth Amendment against defendants Rodriguez, Cerveza and Doe, for failure to protect in violation of the Eighth Amendment against defendant Doe, and for retaliation in violation of the First Amendment against defendants Rodriguez and Doe. The Court also finds that the Second Amended Complaint states no other cognizable claims.

The Court will not permit further leave to amend. This is Plaintiff's third complaint, and the Court has given Plaintiff ample legal guidance. Additionally, Plaintiff's original complaint and Second Amended Complaint contain substantially the same underlying facts.

Accordingly based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's claims against defendants Rodriguez, Cerveza, and Doe for excessive force in violation of the Eighth Amendment, against defendant Doe for failure to protect in violation of the Eighth Amendment, and against defendants Rodriguez and Doe for retaliation in violation of the First Amendment;
2. All other claims and defendants are dismissed;
3. Service of Plaintiff's complaint (ECF No. 14), which was filed on June 19, 2017, is appropriate for the following defendants:
    a. **Correctional Officer Rodriguez; and**

---

[3] The Court notes that, in his original complaint, Plaintiff alleged that, when he was walking up the stairs, he "felt someone pulling him from behind." (ECF No. 1, p. 7). No explanation is given as to why Plaintiff now appears to be alleging he fell, and that he fell because of defendant El-Said's deliberate indifference to his serious medical needs.

  b. **Correctional Officer Cerveza;**

4. The instructions for completing and returning the service documents remains unchanged;

5. The deadline for Plaintiff to complete and return the service documents remains unchanged; and

6. Failure to complete and return the service documents within the applicable time period may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **September 26, 2017**        /s/ *Erica P. Grosjean*
                  UNITED STATES MAGISTRATE JUDGE