UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CORENA,<br><br>        Plaintiff,<br><br>    v.<br><br>RODRIGUEZ, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01025-LJO-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE<br><br>(ECF NO. 36) |

      Jorge Corena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 25, 2018, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Mark Ahn telephonically appeared on behalf of defendant Rodriguez.

      During the Conference, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

      Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3]

---

[1] *See, e.g., United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are

1

that:

1. Each party has until July 27, 2018, to serve opposing parties with copies of all documents in their possession, custody, or control, related to exhaustion of administrative remedies of the claims in this case. Parties do not need to provide documents they have already provided, or documents provided to them by the opposing party.

2. No later than July 27, 2018, defendant Rodriguez shall either: 1) provide to Plaintiff copies of the log books from CCI Level 3, Yard C, Housing Unit 2, from July 8, 2014, through July 16, 2014; or 2) submit objections to the Court to providing copies of the log books. Defendant Rodriguez may redact the names of all employees in the log books except for those who are parties (or proposed parties) to this case. If defendant Rodriguez chooses to redact the log books, he must make unredacted versions available to Plaintiff to inspect. If no log books are found, defendant Rodriguez shall inform Plaintiff that a search was conducted, and that no log books were found.

3. No later than July 27, 2018, defendant Rodriguez shall either: 1) provide to Plaintiff

---

identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

all documents from all investigations related to the issues in the complaint; or 2) object to providing the documents; and

4. No later than July 27, 2018, defendant Rodriguez shall either: 1) provide to Plaintiff the medical ledger from CCI, Level 3 Yard, Medical Building, that includes the dates of July 9, 2014, through July 15, 2014; or 2) submit objections to the Court to to providing the medical ledger. Defendant Rodriguez may redact the names of all employees in the medical ledger except for those who are parties (or proposed parties) to this case. If defendant Rodriguez chooses to redact the medical ledger, he must make an unredacted version available to Plaintiff to inspect. If no medical ledger is found, defendant Rodriguez shall inform Plaintiff that a search was conducted, and that no medical ledger was found.

IT IS FURTHER ORDERED that:

1. Plaintiff's motion for appointment of pro bono counsel is denied without prejudice for the reasons stated on the record;[4] and

2. Plaintiff's motion to continue the scheduling conference is denied as moot.

IT IS SO ORDERED.

Dated: **June 27, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's motion for appointment of counsel mentions "repeated obstruction of mail." (ECF No. 36, p. 2). As Plaintiff's motion is a motion for appointment of pro bono counsel, and as Plaintiff does not provide details regarding the alleged obstruction, the Court will not address this issue at this time. However, if Plaintiff's mail is being obstructed, and if it is interfering with Plaintiff's prosecution of this case, Plaintiff may file a motion with the Court regarding the alleged obstruction.
Plaintiff also requests to "meet and confer out of court in order to show good faith." (ECF No. 36, p. 3). It is unclear what Plaintiff is asking for. Accordingly, Plaintiff's request to meet and confer is denied without prejudice to Plaintiff refiling the motion with more detail regarding the relief he is seeking.