# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CORENA, | Case No. 1:16-cv-01025-LJO-EPG (PC) |
| Plaintiff, | ORDER REQUIRING EVIDENTIARY HEARING |
| v. | (ECF NO. 51) |
| RODRIGUEZ, et al., | |
| Defendants. | |

On October 26, 2018, defendant Rodriguez filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. (ECF No. 51). Plaintiff filed an opposition (ECF No. 57), defendant Rodriguez filed a reply (ECF No. 61), and Plaintiff (without requesting permission) filed a surreply (ECF No. 63). On December 19, 2018, the Court held a hearing on the motion.

After reviewing the evidence and the parties' arguments, it appears that there is a dispute of material fact and that an Albino evidentiary hearing is necessary. See Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).

Defendant Rodriguez argues, in part, that Plaintiff failed to exhaust his available administrative remedies because Plaintiff failed to appeal his second level response to the third level of review. However, Plaintiff has alleged (and submitted evidence) that he never received the second level response, and so was unable to appeal to the third level of review.

1

While Defendant Rodriguez argued that it does not matter whether Plaintiff physically received the second level response (because he was on notice that it had been issued), Defendant Rodriguez cited to no authority to support this proposition. Moreover, the California Code of Regulations appears to require that Plaintiff actually receive a copy of the second level response, and there appears to be a dispute of fact regarding whether Plaintiff actually received the second level response.[1] Cal. Code Regs. tit. 15, § 3084.8(b)(3) (emphasis added) ("Except as described in subsection 3084.8(b)(4), an inmate or parolee must submit the appeal within 30 calendar days of… *receiving* an unsatisfactory departmental response to an appeal filed."); Cal. Code Regs. tit. 15, § 3084.7(h) (emphasis added) ("At the first and second level of review, *the original appeal… shall be returned to the appellant* with a written response to the appeal issue providing the reason(s) for each decision."); Cal. Code Regs. tit. 15, § 3084.2(d) (emphasis added) ("If dissatisfied with the second level response, the appellant may submit the appeal for a third level review, as described in section 3084.7, provided that the time limits pursuant to section 3084.8 are met. The appellant shall *mail the appeal* and supporting documents to the third level Appeals Chief via the United States mail…."). As discussed at the hearing, there are disputes of fact regarding whether Plaintiff ever received the second level response and whether he took efforts to obtain the response in order to pursue an appeal to the third level. These disputes of fact appear material to the legal issues presented.

As there appears to be a genuine dispute of material fact regarding whether Plaintiff actually received the second level response, as well as his actions after he was allegedly told about the second level response, the Court will set an evidentiary hearing to resolve these disputes.

Accordingly, IT IS HEREBY ORDERED that defense counsel shall contact the Court's courtroom deputy via email (mrooney@caed.uscourts.gov) by January 3, 2019, to coordinate a date for the evidentiary hearing. Once the date is selected, the Court will set an evidentiary

---

[1] The Court is not ruling on this issue, or on the motion for summary judgment, at this time. After the evidentiary hearing the Court will issuing findings and recommendations on the motion for summary judgment and the evidentiary hearing.

hearing, as well as deadlines for the filing of motions for the attendance of witnesses, exhibit lists, and witness lists.

IT IS SO ORDERED.

Dated: **December 20, 2018**　　　　　/s/ *Eric P. Gross*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE