# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CORENA,<br><br>    Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01025-LJO-EPG (PC)<br><br>ORDER SETTING EVIDENTIARY HEARING AND RELATED DEADLINES AND DENYING PLAINTIFF'S MOTION TO PRESENT WITNESSES, WITHOUT PREJUDICE<br><br>(ECF NOS. 69 & 71) |

On October 26, 2018, defendant Rodriguez filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. (ECF No. 51). Plaintiff filed an opposition (ECF No. 57), defendant Rodriguez filed a reply (ECF No. 61), and Plaintiff (without requesting permission) filed a surreply (ECF No. 63). On December 19, 2018, the Court held a hearing on the motion.

After reviewing the evidence, the Court determined that an Albino evidentiary hearing is necessary. (ECF No. 69). Accordingly, an evidentiary hearing on the issue of exhaustion of administrative remedies will be scheduled for March 27, 2019, at 11:00 a.m.

Plaintiff will be given until February 8, 2019, to file a motion for the attendance of witnesses.[1] The motion should be entitled "Motion for Attendance of Witnesses." The motion

---

[1] Plaintiff prematurely filed a motion to present witnesses. (ECF No. 71). As Plaintiff's motion does not comply with the requirements explained in this order, Plaintiff's motion will be denied without prejudice to Plaintiff filing a Motion for Attendance of Witnesses in compliance with this order.

1

must: (1) state the name, address, and prison identification number (if any) of each witness Plaintiff wants to call;[2] (2) explain what relevant information each witness has, and how that witness has personal knowledge of the relevant information; and (3) state whether each such witness is willing to voluntarily testify.[3]

Defendant Rodriguez will be given until February 22, 2019, to file his opposition, if any, to the Motion for Attendance of Witnesses. In his opposition (or separately, if he has no opposition to the motion), defendant Rodriguez should state whether he would prefer a video conference appearance for any inmate witnesses, and if so, whether the inmate witnesses' institution of confinement can accommodate a video conference appearance.

The Court notes that the evidentiary hearing is related only to the issue of exhaustion of administrative remedies. Accordingly, Plaintiff should only ask for the attendance of witnesses that have information relevant to the issue of exhaustion (which includes the issue of the availability of administrative remedies).

In accordance with the above, IT IS HEREBY ORDERED that:

1. An Albino evidentiary hearing is set before Magistrate Judge Erica P. Grosjean on March 27, 2019, at 11:00 a.m., at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721, in Courtroom #10;
2. Plaintiff's motion to present witnesses is denied without prejudice;
3. Plaintiff has until February 8, 2019, to file a Motion for Attendance of Witnesses;

---

[2] If Plaintiff cannot provide all of the listed information, he should provide as much information as possible.

[3] If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

4. Defendant Rodriguez has until February 22, 2019, to file his opposition, if any, to the Motion for Attendance of Witnesses. In his opposition (or separately, if he has no opposition to the motion), defendant Rodriguez should state whether he would prefer a video conference appearance for any inmate witnesses, and if so, whether the inmate witnesses' institution of confinement can accommodate video conference appearances;

5. The parties have until February 22, 2019, to file and serve their respective witness lists (which should include the name and title of each witness they may call);

6. The parties have until February 22, 2019, to file and serve their respective exhibit lists (these lists do not need to include evidence that was submitted in support of, or in opposition to, defendant Rodriguez's motion for summary judgment); and

7. When issuing its findings and recommendations after the evidentiary hearing on the relevant disputes of fact, the Court will only consider evidence that was introduced at the evidentiary hearing.

IT IS SO ORDERED.

Dated: **January 8, 2019**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE