UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CORENA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ, et al.,<br><br>　　　　　　Defendants. | Case No. 1:16-cv-01025-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED, WITHOUT PREJUDICE TO PLAINTIFF FILING A SEPARATE ACTION BASED ON HIS ALLEGATIONS AND SEEKING INJUNCTIVE RELIEF IN THAT CASE<br><br>(ECF NO. 70)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Jorge Corena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on his Second Amended Complaint (ECF No. 14), on his claims against defendants Rodriguez, Cerveza, and Doe for excessive force in violation of the Eighth Amendment, against the Doe defendant for failure to protect in violation of the Eighth Amendment, and against defendants Rodriguez and Doe for retaliation in violation of the First Amendment. (ECF No. 26).

On January 4, 2019, Plaintiff filed a motion for a preliminary injunction ("the Motion"). (ECF No. 70).

For the reasons described below, the Court recommends denying the Motion.

1

**I.     THE MOTION**

Plaintiff alleges that he is being subjected to constant retaliation. Officer Tuzon retaliated against Plaintiff for reporting misconduct. Plaintiff was also targeted by Officer Mackey, while Lieutenant Frazier found Plaintiff guilty of disciplinary 115s that were frivolous and only given to Plaintiff in retaliation for report Officer Tuzon. Additionally, Plaintiff's 602 appeal has been delayed for over thirty days without a response. Moreover, only four days after Plaintiff made his initial report, he was considered a program failure (which resulted in Plaintiff being denied access to the law library). Finally, Lieutenant Frazier called Plaintiff's unit and told custody to write Plaintiff up.

Lieutenant Frazier regularly retaliates against inmates, and has created a culture where retaliation is acceptable.

**II.     LEGAL STANDARDS**

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

### III. ANALYSIS

The Court will recommend that the Motion be denied. Plaintiff's motion appears to be unrelated to this case. Plaintiff has alleged he is being retaliated against for reporting misconduct by Officer Tuzon, not because he is prosecuting in this case. Moreover, his allegations of retaliation appear to be against Officer Tuzon, Officer Mackey, and Lieutenant Frazier, none of whom are defendants in this case.

Because Plaintiff appears to be basing his injunction request on claims that were not pled in the Second Complaint, and because his allegations are against correctional staff that are not defendants in this case, the Motion should be denied. This denial should be without prejudice to Plaintiff filing a separate action based on his allegations in the Motion and seeking injunctive relief in that case.

### IV. RECOMMENDATION

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a preliminary injunction be DENIED, without prejudice to Plaintiff filing a separate action based on his allegations in the Motion and seeking injunctive relief in that case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 8, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE