UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CORENA,<br><br>        Plaintiff,<br><br>   v.<br><br>RODRIGUEZ, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01025-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESSES<br><br>(ECF NOS. 77 & 79) |

### I. BACKGROUND

Jorge Corena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 26, 2018, defendant Rodriguez filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. (ECF No. 51). Plaintiff filed an opposition (ECF No. 57), defendant Rodriguez filed a reply (ECF No. 61), and Plaintiff (without requesting permission) filed a surreply (ECF No. 63). An Albino evidentiary hearing is currently set for March 27, 2019, at 11:00 a.m. (ECF No. 72).

On February 4, 2019, Plaintiff filed a motion for attendance of witnesses ("the Motion"). (ECF No. 77). On February 14, 2019, Plaintiff filed a supplement to the Motion. (ECF No. 79). On February 22, 2019, defendant Rodriguez filed an opposition to the Motion. (ECF No. 81).

For the reasons described below, the Motion will be denied.

### II. ATTENDANCE OF INMATE WITNESSES

On January 9, 2019, the Court issued an order regarding the procedures related to the evidentiary hearing. (ECF No. 72). Plaintiff was informed that if he wanted the Court to

1

compel witnesses to attend or to arrange for attendance of witnesses via the issuance of writs of habeas corpus ad testificandum, he would need to file a motion for attendance of witnesses. (Id. at pgs. 1-2). Plaintiff was told that "[t]he motion must: (1) state the name, address, and prison identification number (if any) of each witness Plaintiff wants to call; (2) explain what relevant information each witness has, and how that witness has personal knowledge of the relevant information; and (3) state whether each such witness is willing to voluntarily testify." (Id.) (footnotes omitted).

### III. PLAINTIFF'S MOTION

Plaintiff seeks to bring four inmate witnesses to the evidentiary hearing: (1) Mario Molina; (2) Peter Mercado; (3) Miguel Ruiz; and (4) Michael Hernandez. (ECF No. 77).

For all four witnesses, Plaintiff states that the relevant information the witness has is "due to 'administrative exhaustion the physical abuse/excessive use of force' the prison officials use on inmates." (Id.).

Defendant Rodriguez opposes the motion on the ground that Plaintiff failed to identify any witness that has personal knowledge of Plaintiff's attempts to exhaust his administrative remedies. (ECF No. 81).

### IV. DISCUSSION

"The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." Cummings v. Adams, 2006 U.S. Dist. LEXIS 9381, *6, 2006 WL 449095 (E.D. Cal. Feb. 17, 2006). Accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

As the Court noted in its order issued on December 21, 2018, the Court set the Albino hearing because "there are disputes of fact regarding whether Plaintiff ever received the second level response and whether he took efforts to obtain the response in order to pursue an appeal to the third level. These disputes of fact appear material to the legal issues presented." (ECF No. 69, p. 2). Based on the summary Plaintiff provided of each potential witnesses' testimony, defendant Rodriguez is correct that none of Plaintiff's witnesses have personal knowledge regarding Plaintiff's alleged attempts to exhaust administrative remedies.

Accordingly, after conducting a "cost-benefit analysis regarding whether the inmate[s] should come to court," Cummings, 2006 U.S. Dist. LEXIS 9381 at *7, the Court has determined that none of Plaintiff's witnesses should be brought to Court, and that the Motion should be denied in its entirety.[1]

**V.    ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that the Motion is DENIED.

IT IS SO ORDERED.

Dated:  **March 1, 2019**                         /s/ Erin P. Groi

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that to the extent that Plaintiff wishes to bring witnesses to the hearing that are not incarcerated and are willing to testify voluntarily, he does not need the Court's approval.